**No. 39756.**—Protest 938619–G of La Manna, Azema & Farnan, Inc. (New York).

Opinion by Cline, J.   The olive oil in question was imported in drums which were marked with the word "Bordeaux."   This marking was held not sufficient to indicate the country of origin and not in accordance with the Customs Regulations of 1931 as amended in T. D. 46978.   The protest was therefore overruled.   *Mitsui* v. *United States* (T. D. 49357) and Abstracts 36282, 36751, 36752, and 36804 cited.

**No. 39757.**—Protests 938642–G, etc., of I. L. Radwaner Seed Co. (New York).

Opinion by Cline, J.   The seeds, which are incapable of being marked, were packed in small cotton bags containing from one-quarter of a pound to two pounds.   A paper label was attached to each bag by means of paste and at the bottom of each appeared the words "Product of Japan."   On the authority of *Asiam* v. *United States* (25 C. C. P. A. 68, T. D. 49065) the marking on the labels was held sufficient reasonably to comply with the statutory conditions.   The protests were therefore sustained.

**No. 39758.**—Protest 948180–G of Joseph H. Lowenstein & Sons (New York).

Opinion by Cline, J.   There was no appearance when the case was called for trial.   On the record presented the protest was overruled.

**No. 39759.**—Protest 959938–G of Leacock & Co., Inc. (New York).

Opinion by Evans, J.   In accordance with the report of the collector it was held that the Yuan dollar, which was the currency of the invoice in question, should have been converted into United States dollars on the basis of the rate claimed.

Before the Second Division, November 4, 1938

**No. 39760.**—Protests 997521, etc., of Bordeaux Importing Co. et al. (New York).

Opinion by Tilson, J.   In accordance with stipulation of counsel silk wearing apparel the same as that passed upon in Abstract 29972 was held dutiable at 60 percent under paragraph 1210, and materials or articles in chief value of cellulose filaments like those the subject of Abstract 37230 were held dutiable at 60 percent under paragraph 31.